**WASTE CONTROL SPECIALISTS, LLC, Plaintiff–Appellant,**

v.

**ENVIROCARE OF TEXAS, INC.; et al., Defendants,**

Envirocare of Texas, Inc.; Envirocare of Utah, Inc.; Khosrow B. Semnani; Charles A. Judd; Frank C. Thorley, Defendants–Appellees.

No. 98–50952.

United States Court of Appeals, Fifth Circuit.

March 15, 2000.

Sidney Katherine Powell, Powell & Associates, Dallas, TX, Deborah Ann Pearce–

Reggio, River Ridge, LA, for Plaintiff—Appellant.

Roy Q. Minton, Martha S. Dickie, Minton, Burton, Foster & Collins, Austin, TX, Richard Dolman Davis, Jr., Cotton, Bledsoe, Tighe & Dawson, Midland, TX, Don C. Lewis, Verner, Liipfert, Bernhard, McPherson & Hand, Washington, DC, for Defendants—Appellees.

ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC.

Before REYNALDO G. GARZA, JOLLY and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The appellees' ("Envirocare") Petition for Panel Rehearing is GRANTED. Part IV of the Opinion is withdrawn and the following section is substituted therefore. In all other respects, the Petition for Panel Rehearing is Denied. Furthermore, no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED. R. APP. P. and 5TH CIR. R. 35) the Petition for Rehearing En Banc is DENIED.

### IV

Finally, we note that WCS has asked for the imposition of attorney's fees pursuant to 28 U.S.C. § 1447(c), which states in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In this connection, the district court on remand shall decide, in the light of this opinion and other facts and evidence as may be relevant, whether the removal of this case was or was not objectively reasonable, and, thus, whether to enter an

appropriate award of attorney's fees as provided in § 1447(c). *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).